## ALL SEASONS CLIMATE CONTROL, INC., Petitioner

v.

## NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 06–1277, 06–1295.

United States Court of Appeals, District of Columbia Circuit.

May 21, 2007.

David S. Farkas, Ross, Brittain & Schonberg, Cleveland, OH, for Petitioner.

Aileen A. Armstrong, Deputy Associate General Counsel, Fred Barry Jacob, Attorney, Kellie J. Isbell, National Labor Relations Board, General Counsel, Washington, DC, for Respondent.

Before: RANDOLPH, TATEL and BROWN, Circuit Judges.

### *JUDGMENT*

This case was considered on the record from the National Labor Relations Board (NLRB) and on the briefs of the parties pursuant to D.C.CIR. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review is denied and the NLRB's cross-application for enforcement is granted. Petitioner All Seasons Climate Control argues that the Board unreasonably departed from its precedent in ruling that the union election was free from impermissible electioneering and bribery. The hearing officer, however, provided a perfectly reasonable explanation for upholding the election. *See* J.A. 377–380. As to the electioneering claim, the hearing officer reasonably explained why the facts of this case more closely resembled those in *Boston Insulated Wire & Cable Co.,* 259 N.L.R.B. 1118 (1982), and *J.P. Mascaro & Sons,* 345 N.L.R.B. No. 42 (2005)—in which the Board upheld the election results—than those in *Electric Hose & Rubber Co.,* 262 N.L.R.B. 186 (1982), *Performance Measurements Co.,* 148 N.L.R.B. 1657 (1964), and *Nathan Katz Realty, LLC v. NLRB,* 251 F.3d 981 (D.C.Cir.2001)—all cases in which the Board set aside election results. Specifically, in this case, the un-ion officials did not surround the only entrance to the polling place, did not occupy a non-electioneering zone, and did not engage in conduct contrary to the instructions of the Board agent. The hearing officer also reasonably explained, in light of Board precedent, its decision to reject Petitioner's trivial claim that the election should be set aside because the union gave one of the employees a union t-shirt. Finally, Petitioner's Equal Protection Clause claim was not presented to the NLRB and is therefore not properly before us. 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."); *Parsippany Hotel Mgmt. Co. v. NLRB,* 99 F.3d 413, 419 (D.C.Cir.1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. Rule 41.